United States District Court
Southern District of Texas

**ENTERED**

April 30, 2024

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES-THOMAS ENGLISH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-24-286 |
| | § | |
| UNITED STATES OF AMERICA, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

## ORDER

Pending before the Court is Defendant State of Texas' Motion to Dismiss (Document No. 14); City of Pearland Defendants' Motion to Dismiss (Document No. 16); and Defendants' Joint Opposed Motion to Stay Discovery (Document No. 24). Having considered the motions, submissions, and applicable law, the Court determines the motions should be granted.

## I. BACKGROUND

This case arises out of a traffic violation and subsequent municipal court proceedings. Plaintiff James-Thomas English ("English") was accused of a traffic violation, specifically of having an expired vehicle registration. On March 21, 2024, Defendant Pearland Municipal Court Judge Letitia Farnie ("Farnie") issued an arrest warrant for English after he failed to appear for trial. As a result, English proceeding

*pro se* filed this suit against Farnie, Defendant Pearland Municipal Courts ("Pearland Court"), Defendant Prosecutor Kevin Englehardt ("Englehardt") (collectively, Pearland Defendants). Additionally, English filed suit against the United States of America and the State of Texas ("Texas"). English's complaint, which begins with "[t]he Plaintiff James-Thomas: English Known as King Semaj Of The English Estate the living man at all times. . ." broadly asserts numerous causes of action.[1] While hard to follow at times, English asserts violations of multiple Constitutional Amendments, including the First, Fifth, Sixth, Thirteenth, and Fourteenth Amendments. Additionally, English seems to assert claims under the Federalist Papers, international law, various federal criminal statutes[2], and other broad statements, including "intimidation by a gang and forced into commerce."[3] English's complaint is based on sovereign citizen-type arguments. Specifically, English asserts

---

[1] *Plaintiff's Original Complaint*, Document No. 1 at 1.

[2] English appears to allege violations of 18 U.S.C. §§ 241-42 and 18 U.S.C. § 872, statutes related to extortion and threats. Court precedent is clear that criminal statutes do not create a civil cause of action. *See Napper v. Anderson, Henley, Shields, Bradford & Pritchard*, 500 F.2d 634 (5th Cir. 1974) (holding federal wire fraud statute does not create a private cause of action); *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 346 (5th Cir. 1977) (holding federal mail fraud statute does not create a private cause of action); *De Pacheco v. Martinez*, 515 F. Supp. 2d 773, 789 (S.D. Tex. 2007) (Tagle, J.) (noting federal courts do not recognize a private right of action for violation of the federal money laundering statute, § 1956); *Trevino v. Pechero*, 592 F. Supp. 2d 939, 947 (S.D. Tex. 2009) (Crane, J.) (holding § 1951 does not create a private right of action). Accordingly, English's claims arising from criminal statutes fail.

[3] *Plaintiff's Original Complaint*, Document No. 1 at 5–10.

that private vehicles need not be registered and that being required to register a vehicle violates his constitutional right to "not be forced into commerce."[4]   On March 28, 2024, Texas moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim for which relief may be granted. On April 2, 2024, the Pearland Defendants also moved to dismiss and assert the same reasons for dismissal.

## II. STANDARD OF REVIEW

### A.   12(b)(1) Standard

Federal Rule of Civil Procedure 12(b)(1) requires that a court dismiss a claim if the court does not have subject matter jurisdiction over the dispute. Fed. R. Civ. P. 12(b)(1). A motion for lack of subject matter jurisdiction under Rule 12(b)(1) must be considered before any motion on the merits because subject matter jurisdiction is required to determine the validity of any claim. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

---

[4] *Plaintiff's Original Complaint*, Document No. 1 at 2.

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Id.* Unlike a court considering a Rule 12(b)(6) or Rule 56 motion, district courts have a "unique power . . . to make factual findings which are decisive of [subject matter] jurisdiction" when considering a motion under Rule 12(b)(1) that raises questions of fact relevant to subject matter jurisdiction. *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981).

2.    *Rule 12(b)(6)*

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to

4

state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.' " *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

## III. LAW & ANALYSIS

Texas and the Pearland Defendants contend that this Court lacks subject matter jurisdiction over English's various claims. Texas and the Pearland Defendants further contend that English has failed to state a claim for which relief may be sought and that English's sovereign citizen arguments are frivolous. English did not respond to the motions to dismiss or offer any counterargument.[5] Failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4.

---

[5] The Court does note that English has filed multiple letters with the Court. The letters mostly address the rights he believes he has and the way he believes the Court should litigate his case. *See Demand Letter*, Document No. 20 at 1–7; Demand Citation of Authority, Document No. 22 at 1–2; *Pleading Title*, Document No. 23 at 1–13. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, while the Court considered the letters, the Court does not construe them has responses to the Defendants' motions to dismiss. Further, to the extent the letters could be construed as responses they do not directly address the contentions raised by the Defendants in their motions to dismiss.

*A.*    *Texas' Motion to Dismiss*

Texas contends English's causes of action against it should be dismissed because: (1) Plaintiff's claims are barred by sovereign immunity; (2) English lacks standing; and (3) Plaintiff fails to state a claim upon which relief may be granted.

To establish standing, a plaintiff must show: (1) an actual or imminent, concrete and particularized "injury-in-fact"; (2) that is fairly traceable to the challenged action of the defendant (causation); and (3) that is likely to be redressed by a favorable decision (redressability). *Friends of the Earth, Inc. v. Laidlaw Envt'l. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). All three elements are "an indispensable part of the plaintiff's case," and the party seeking to invoke federal jurisdiction bears the burden to establish them. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

English's claims arise out of a traffic violation and proceeding litigation in the City of Pearland's municipal court. Nowhere in the record is there any specificity of what act Texas took in this matter, if any. All aspects of English's complaint seem only to involve the City of Pearland and its municipal court. As such, English fails to identify any specific conduct by Texas, let alone any traceable injury in this case, that would give him Standing in this current case. Accordingly, the Court finds English has failed to meet the necessary elements to have standing to bring claims against Texas.

6

Further, English's causes of action are rooted in sovereign citizen theories and are mostly conclusory and incoherent. Courts have overwhelmingly rejected sovereign citizen theories. *Ellis v. City of White Settlement, et al.*, No. 4:22-CV-1028-P, 2023 WL 6563413, at *4 (N.D. Tex. Sept. 5, 2023) (quoting *Mack v. Sweet*, No. 4:17-cv- 00434-O-BP, 2017 WL 6756667, at *4 (N.D. Tex. Dec. 4, 2017), *rep. and recommendation adopted*, 2017 WL 6729630 (N.D. Tex. Dec. 28, 2017) (Pittman, J.)). Here, English's contention is rooted in the theory that the law doesn't apply to him, and as such, everyone involved in upholding the law is violating his constitutional rights. English offers no more than conclusory statements and vague assertions of various laws to attempt to prove his claims against Texas. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even construing English's complaint liberally, it fails to meet the pleading standards set forth under Fed. R. Civ. P. 8(a)(2).[6] Accordingly, the Court finds English's causes of action against Texas should be dismissed. The Court now turns to the Pearland Defendants' motion to dismiss.

*B.    Pearland Defendants Motion to Dismiss*

The Pearland Defendants contend: (1) the Pearland Court is not a jural entity that can be sued; (2) Farnie has absolute judicial immunity; (3) Englehardt has

---

[6] The Court notes that Texas also contends sovereign immunity bars English's claims. The Court need not reach this contention based on the foregoing findings.

7

absolute prosecutorial immunity; and (4) English has failed to state a claim for which relief may be sought as to all of the Pearland Defendants.

### 1.   Pearland Court

Pearland Court contends it is not a jural entity that can be sued. In order for a plaintiff to sue a city department, it must enjoy a separate legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) A political subdivision cannot pursue a suit on its own unless it is a separate and distinct corporate entity. *Id.* Unless the true political entity has taken explicit steps to grant the servant agency the jural authority, the agency cannot engage in any litigation except in concert with the government itself. *Id.* Courts have held that municipal courts are not separate entities that can be sued. *Chachere v. Hous. Police Dep't,* No. H-05-3187, 2006 U.S. Dist. WL 3391443, at *15 (S.D. Tex. Nov. 21, 2006) (Harmon, J.) (holding that Harris County Municipal Court are not legal entities that can be sued). English offers no evidence or authority that would suggest Pearland Court is a separate entity that can be sued. Accordingly, the Court finds that English has failed to show Pearland Court is an entity that can be sued. Therefore, the Court lacks subject jurisdiction over English's claims against Pearland Court. Thus, the Court finds English's claims against Pearland Courts should be dismissed. The Court now turns to English's claims against Farnie.

8

*2.    Farnie*

"Absolute judicial immunity extends to all judicial acts which are not performed in the clear absence of all jurisdictions." *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985). "The factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his [or her] official capacity.' " *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). "The four factors generally relied upon [in the Fifth Circuit] in determining whether an act is 'judicial' are (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Adams*, 764 F.2d at 297. Each of "[t]he test factors should be broadly construed in favor of immunity." *Id.*

Here, English's own complaint establishes that his cause of action arises from a citation being issued for not having a valid vehicle registration and the "[Pearland] court misunderstood the necessity of registration."[7] It is clear that the controversy in

---

[7] *Plaintiff's Original Complaint*, Document No. 1 at 2–4.

this case arises out of litigation over a traffic violation. English clearly disagrees with the law, but that does not create a cause of action against a judge upholding the law. Farnie was acting in her official capacity as a judge as she oversaw the proceedings and ultimately issued a bench warrant when English failed to appeal. The file indicates that Farnie was acting within her judicial role and authority at all times during the events at issue in this case. English does not provide any evidence that would suggest any action Farnie took was outside the scope of her authority and role as a municipal court judge. Accordingly, the Court finds that Farnie has absolute judicial immunity as it relates to English's causes of action. Therefore, the Court finds that English's causes of action against Farnie should be dismissed. The Court now turns to English's claims against Englehardt.

3.   *Englehardt*

"The decision to file or not file criminal charges is protected by prosecutorial immunity." *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009) (citing *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990)); *see also Buckley*, 509 U.S. at 272 (holding that prosecutorial immunity extends to those acts "preparing for the initiation of judicial proceedings or for trial," which "include the professional evaluation of the evidence assembled by the police and appropriate presentation for its presentation at trial or before a grand jury after a decision to seek an indictment has been mad"); *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (per

10

curiam) ("Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and carrying the case through the judicial process.").

Here, Englehardt was the prosecutor assigned to the case involving English's alleged violation of the Texas vehicle regulation statute. Nothing in English's complaint alleges that Englehardt took any action outside the scope of his duty as a prosecutor. Accordingly, the Court finds that English's claims against Englehardt are barred by absolute prosecutorial immunity. Therefore, the Court finds English's claims against Englehardt should be dismissed.[8]

### IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant State of Texas' Motion to Dismiss (Document No. 14) is **GRANTED**. The Court Further

**ORDERS** that City of Pearland Defendants' Motion to Dismiss (Document No. 16) is **GRANTED**. The Court further

**ORDERS** that Defendants' Joint Opposed Motion to Stay Discovery (Document No. 24) is **DENIED AS MOOT**. The Court further

---

[8] The Court notes that the Pearland Defendants also contend English has failed to state a claim for which relief may be sought. English's complaint is largely conclusory and rooted in largely inapplicable concepts such as being a sovereign citizen, international law, and criminal statutes. To the extent English claims constitutional violations, he fails to adequately plead a claim under Section 1983. Accordingly, English also fails to adequately state a claim for which relief may be sought against the Pearland Defendants.

11

**ORDERS** that Plaintiff James-Thomas: English claims against Defendant the State of Texas, Pearland Municipal Court, Judge Letitia Farnie, and Prosecutor Kevin Englehardt are **DISMISSED**.[9]

SIGNED at Houston, Texas, on this ___30___ day of April, 2024.

DAVID HITTNER
United States District Judge

---

[9] The Court notes that Defendant United States has not yet made an appearance and responded in any way to this lawsuit. Accordingly, English's claims currently remain against the United States of America.